## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Alexander Krutz ("Krutz"), both individually and on behalf of those similarly situated whose names appear on Exhibit A to this Agreement (the "Collective Class Member(s)"), and Albany International Corporation, ("Albany").

## Recitals

WHEREAS, Krutz filed a claim against Albany, *Krutz v. Albany Corp.,* E.D. Wis. Case No. 18-cv-1720 ("lawsuit") on behalf of himself and those similarly situated, alleging impermissible rounding practices in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws';

WHEREAS, Albany denies the allegations in Krutz's complaint and denies liability;

WHEREAS, after the lawsuit was filed, fifteen individuals affirmatively opted-in to the lawsuit by filing consent forms with the Court to assert their claims under the FLSA;

WHEREAS, the Parties stipulated to conditional certification on February 21, 2019 (ECF No. 22), which the Court granted on February 25, 2019 (ECF No. 25), after which Class Counsel sent out the Court approved Notice to the putative class members;

WHEREAS, during the Court authorized Notice period, 25 individuals affirmatively opted in to the lawsuit by filing consent forms to assert their claims under the FLSA, bringing the total number of Collective Class members to 41, including Plaintiff ("Current Collective Class") prior to the Parties' resolution of the claims;

WHEREAS, prior to engaging in significant litigation practice, the Parties agreed to engage in good-faith settlement discussions for Krutz, the Collective Class and the Rule 23 Class, in order to minimize the costs of litigation;

WHEREAS, Albany provided payroll and time data as well as information relevant to Krutz's allegations to Krutz's Counsel, Hawks Quindel, S.C., to facilitate preparation for settlement negotiations;

WHEREAS, given the time and payroll data provided by Albany, prior to mediation, Class Counsel was able to evaluate the records and determine a potential damages calculation for the claims alleged in the Complaint;

WHEREAS, on October 15, 2019, the Parties met with a neutral mediator

1

6419738v.1

and engaged in arm's length negotiations, which ultimately led to a resolution of claims for Krutz, the Collective Class and the Rule 23 Class, as defined below;

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation;

WHEREAS, the Parties have agreed to settle this case as to the following settlement classes:

> **FLSA Collective Class Members:** All hourly employees who worked for Albany between October 30, 2015 and June 4, 2018, that are listed on Exhibit A to this Agreement and who (a) have timely returned consent forms; or (b) sign and cash a check received for their FLSA claims and have their release effectuated by Class Counsel's filing of a Notice of Consents.
>
> **Rule 23 Class Members:** All hourly employees who worked for Albany between October 30, 2015 and June 4, 2018, that are listed on Exhibit A to this agreement and who do not timely exclude themselves.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

I. General Terms of Settlement

    A. In exchange for the Release of Claims and other promises contained herein, Albany will, in accordance with the manner and timing provided for in Sections III and V, below, make payments to Krutz, the Collective Class Members, the Rule 23 Class Members and Class Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

    B. Krutz understands and acknowledges that, although Albany is entering into this Agreement and making the payments hereunder, Albany does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

II. Release of Claims, Acknowledgments, and Agreement to Cooperate

    A. Krutz's Release of Claims.

Krutz hereby and forever completely releases and discharges Albany from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship or termination thereof between Krutz and Albany based on any act or omission that occurred up to the date of his execution of this Agreement. Krutz's release of claims against Albany, includes but is not limited to: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), and Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action.

B. Release of FLSA Claims for Current Collective Class Members.

Collective Class Members who have filed their consent forms with the Court, and whose names appear on Exhibit A to this Agreement, will release all the FLSA claims that are alleged in the Complaint, or could have been alleged under the facts of the Complaint, for the time period from October 30, 2015 through June 4, 2018.

C. Release of FLSA Claims for Individuals who have not returned consent forms.

Individuals who have not returned consent forms shall still receive checks in the amount listed on Exhibit A as compensation for their FLSA Claims ("FLSA Checks") unless they have otherwise timely excluded him or herself from this settlement. The checks shall be accompanied by Exhibit D which shall outline the release of claims and

3

6419738v.1

Case 1:18-cv-01720-WCG   Filed 12/18/19   Page 3 of 15   Document 47-1

provide an explanation that he or she is not obligated to participate or cash the checks. Upon signing and cashing an FLSA check issued in the amount of their FLSA damages, these individuals shall be considered part of the Collective Class and therefore shall release the FLSA claims that were alleged, or could have been alleged under the facts of the Complaint. The release of these claims shall be effectuated upon the filing of the Notice of Consents by Class Counsel, as a described in Section V.F. No FLSA claims for any individual who does not sign and cash his or her FLSA Check shall be released. If an individual does not sign and cash his or her FLSA Check, and therefore does not waive his or her FLSA claims, Albany hereby explicitly agrees to waive the following claims that it might otherwise assert to preclude that individual from asserting his or her FLSA claims in the future: *res judicata*, claim preclusion, or waiver.

D. Release of Wisconsin Law Claims.

Upon the Court entering a Final Order Approving Settlement, every class member who has not timely excluded him or herself in a writing filed with the Court shall be deemed to have completely released and forever discharged Albany from Wisconsin law claims that were alleged, or could have been alleged, under the facts of the Complaint for the time period between October 30, 2015 and June 4, 2018.

E. Acknowledgments and Agreement to Cooperate.

Krutz acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, liquidated damages, civil penalties, compensatory and punitive damages, interest, and his legal fees and costs. Krutz further agrees that this settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with Albany, inclusive of any claim for liquidated damages, and that Albany does not owe him any further compensation or any other amounts for work performed during his employment with Albany. Krutz further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-F prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Krutz agrees to direct his counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with Albany to seek judicial approval of this agreement, including preparation of court required pleadings.

4

III. Settlement Payments

  A. Settlement Fund.

  As consideration for the releases in Section II above, Albany shall pay $330,000.00 (the "Settlement Fund"). This Settlement Fund is inclusive of all attorneys' fees and costs, compensatory damages, liquidated damages, and a service payment to Krutz as described below. If the Settlement Agreement is not approved by the Court, the Parties will work cooperatively to address any concerns articulated by the Court. Should it be necessary, the Parties will work cooperatively to provide the Court with any additional briefing or documentation the Court may require regarding the Court retaining jurisdiction for the purpose of overseeing that the terms of the Settlement Agreement are executed. If no agreement can be reached, Albany will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

  B. Allocation of the Settlement Fund.

    1. Service Payment - $20,000.00 of the Settlement Fund shall be allocated as a service payment to Krutz in recognition of his full release of any and all claims, including his pending retaliation claim, his involvement in bringing this claim, his efforts to increase participation of collective class members, his efforts to ensure a recovery on behalf of the Collective Class Members, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. Albany will issue an IRS Form 1099 to Krutz for this service payment as so required by the law.

    2. Attorneys' fees - $105,000.00 of the Settlement Fund shall be allocated as attorneys' fees.

    3. Costs - $10,660.79 of the Settlement Fund shall be allocated as costs.

    4. FLSA Fund – Of the remaining portion of the Settlement Fund, one-third of it ($64,779.74) shall be allocated to the FLSA Fund. Each opt-in Plaintiff who has not otherwise timely excluded him or herself from this settlement shall receive two checks of equal gross amounts for his or her share of the FLSA Fund in the amounts set forth for such individual in Exhibit A to this Agreement. For tax purposes, one check—for one-half of each

5

6419738v.1

Case 1:18-cv-01720-WCG   Filed 12/18/19   Page 5 of 15   Document 47-1

FLSA Fund payment—shall constitute wages and shall be subject to regular payroll withholdings. Albany will report the wages portion to each opt-in Plaintiff on an IRS Form W2. The second check, one-half of each FLSA Fund payment, shall be attributed to liquidated damages for which each opt-in Plaintiff will receive an IRS Form 1099 from Albany, if required by law.

5. Wisconsin Law Fund – Of the remaining portion of the Settlement Fund, two-thirds of it ($129,559.47) shall be allocated to the Wisconsin Law Fund. Each Plaintiff who has not otherwise timely excluded him or herself from this settlement shall receive a second payment, consisting of two checks, for his or her share of the Wisconsin Law Fund in the amounts set forth for such individual in Exhibit A to this Agreement. For tax purposes, one check—for two-thirds of each Wisconsin Law Fund payment—shall constitute wages and shall be subject to regular payroll withholdings. Albany will report the wages portion to each Plaintiff on an IRS Form W2. The second check, one-third of each Wisconsin Law Fund payment, shall be attributed to liquidated damages for which each Plaintiff will receive an IRS Form 1099 from Albany, if required by law.

6. Checks sent pursuant to Sections III.B.4 and III.B.5 shall be sent together and accompanied by the Notice attached as Exhibit C to this Agreement.

## IV. Settlement Approval Process.

A. Interim Stay of Proceedings.

The Parties agree to hold all proceedings in the Case, except such proceedings necessary to implement and complete the settlement, in abeyance pending the Fairness Hearing to be conducted by the Court.

B. Stipulation to Certification of Rule 23 Class.

For settlement purposes only, the Parties stipulate to certification of the following Fed. R. Civ. P. 23 Class (the "Rule 23 Class"):

> All hourly employees who worked for Albany between October 30, 2015 and June 4, 2018, that are listed on Exhibit A to this agreement and who do not timely exclude themselves.

C.  Preliminary Approval of Settlement.

The Parties will file with the Court, by November 25, 2019, a Joint Motion for Preliminary Approval of Settlement, Stipulation to Class Certification (Exhibit B), and and a proposed order in a form substantially similar to the form attached hereto and made part of this Agreement as Exhibit E. Plaintiff's Counsel will draft these documents, as well as the other exhibits to be incorporated in to this Agreement, subject to review and approval by Defendant's Counsel. A fully executed copy of this Agreement, with exhibits, will be attached to the Joint Motion for Preliminary Approval of Settlement. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

D.  Issuance of Notice.

Within ten (10) calendar days of the Court's order granting preliminary approval of this Agreement, Class Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto and made a part of this Agreement as Exhibit C. The Notice shall inform individuals of their right to exclude themselves from, or object to, the settlement as provided in Sections IV.E and IV.F. If any Notices are returned by the postal service as undeliverable, Class Counsel will make best efforts in locating the individual. Class Counsel will promptly re-mail the Notice to the updated address, if identified. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable or if a second address cannot be identified after Class Counsel's reasonable efforts, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that individual.

E.  Objection to Settlement.

Any Class Member who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement [**thirty (30) calendar days after the mailing of the Notice**], file any such objection with the Court and provide copies of the objection to: Summer H. Murshid, 222 E. Erie Street, Suite 210, P.O. Box 442, Milwaukee, WI 53201, and James M. Coleman, Constangy, Brooks, Smith & Prophete, LLP, 12500 Fair Lakes Circle, Suite 300, Fairfax, VA 22033.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all

7

6419738v.1

factual and legal support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; and (iv) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing and include a list of all persons who will be called to testify in support of the objection. Any Class Member who does not file a timely written objection to the settlement and provide notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

F.  Request for Exclusion.

Any Class Member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion to the address specified in the Notice by the date specified in the Order Granting Preliminary Approval of Settlement [thirty (30) calendar days after the mailing of the Notice]. To be effective, the request for exclusion must include the Class Member's: (i) full name, address, and telephone number; (ii) a specific statement of his or her desire to be excluded from the settlement of the Case; and (iii) signature. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement. In the event that more than 8% of the Class Members Request Exclusion from this Agreement, Albany shall have the option to dissolve this Agreement

G.  Fairness Hearing.

On February 21, 2020, a Fairness Hearing will be held at which time the Court will: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; and (iii) decide any petitions for attorneys' fees and costs.

If this Agreement is finally approved by the Court, a Final and Appealable Order Approving Settlement and directing the entry of judgment pursuant to F.R.C.P. 54(b) shall be entered as follows:

   1.  Approving the Agreement as fair, reasonable, and adequate pursuant to F.R.C.P. 23(e);

8

2. Declaring that the Agreement represents a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

3. Declaring the Agreement to be binding on Albany's and the Class Representative, as well as all of the Class Members that have not timely excluded themselves from the Agreement and Collective Members that have timely consented to join the Agreement and those Collective Members who sign/cash an FLSA Check and have their release effectuated by Class Counsel's filing of Notice of Consent;

4. Granting Class Counsel's petition for attorneys' fees in the requested amount of One Hundred and Five Thousand Dollars ($105,000.00);

5. Granting Class Counsel's petition for costs in the requested amount of Ten Thousand Six Hundred Sixty and 79/100 dollars ($10,660.79);

6. Approving the settlement payments and ordering Albany's to make such payments as provided herein;

7. Directing Class Counsel to, pursuant to Section V.F of this Agreement, and not later than 130 days after issuance of the checks issued pursuant to Section III.B of this Agreement, file Notice of Consents with the Court for individuals who sign and cash their FLSA checks to effectuate their FLSA releases;

8. Directing Class Counsel to file a dismissal with prejudice of the Class and Collective Members' claims upon payment of all settlement payments required by the Settlement Agreement and after filing the Notice of Consents pursuant to Section V.F.

V. Payments.

A. Payment Deadline.

Provided that the Court enters a Final and Appealable Order approving Settlement, Albany shall issue checks for payments due pursuant to and in the amounts detailed in Section III.B within

9

twenty-one (21) calendar days of the expiration of the appeals period of the Final and Appealable Order approving Settlement, so long as no appeal is filed.

B.    Check Distribution.

Within fourteen (14) calendar days of receipt of the Settlement Fund checks, the Class Counsel shall issue checks to the Class members, and the Collective Members in the amounts listed on Exhibit A.

C.    Checks Returned as Undeliverable.

If a check is returned as undeliverable, Class Counsel shall, within fourteen (14) calendar days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an alternate address for the Class Member and/or Collective Member. If the check is returned by the postal service after a second mailing as undeliverable or an alternative address cannot be identified, the parties shall be deemed to have satisfied their obligation to deliver such payments. Any check that remains undeliverable, cannot be mailed to an alternative address, or is returned or uncashed within ninety days (90) calendar days after the date the check is issued, shall be void ("Uncashed Checks").

D.    Uncashed Funds and Unclaimed Funds.

Any payments made from the FLSA Settlement Fund or Wisconsin Settlement Fund attributable to checks not cashed after (90) days from date of issuance, shall be paid to the Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. Payment to the Cy Pres recipient for either of the above two reasons shall be made within one-hundred twenty (120) days after the expiration of the last uncashed check. Each check shall state on the face of the check that it is void after ninety (90) days. Defense Counsel shall send Plaintiff's Counsel a written accounting of the funds paid to the Cy Pres Recipient – including identification of voided checks going to Cy Pres – at least 7 days prior to making payment to the Cy Pres Recipient.

E.    Tax Treatment.

    (1)    For tax purposes, payments made by Albany to Class Members and/or Collective Members, as set forth in Exhibit

10

A, constitute a combination of alleged unpaid wages, as well as alleged liquidated damages. Albany shall be responsible for all employer-side taxes related to Class Fund and Collective Fund payments classified as wages. The payment of these alleged unpaid wages shall be subject to all legally required garnishments, liens, wage withholding orders, regular withholdings, and similar obligations, and reported on an IRS Form W-2. The remaining alleged liquidated penalty payment shall be deemed compensation for interest, civil penalties, and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099, if required by law. Class and/or Collective Members shall be obligated to obtain his/her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he/she receives or obtains pursuant to this Agreement, and shall further assume the full responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid on any settlement payments received, or other remuneration obtained, under this Settlement Agreement. Nothing in this Agreement shall be construed as Albany, its Counsel or Class Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Class and/or Collective Member's receipt of settlement payments under this Settlement Agreement.

(2) The Service Payment shall not be subject to payroll withholdings and shall be reported on IRS Forms 1099. Krutz shall receive an IRS Form 1099 from Albany for the Service Payment. Krutz agrees that he will indemnify and hold Albany harmless from and against any local, state or federal tax liabilities, claims, demands, suits, losses, damages, costs, and expenses (including attorneys' fees and costs) arising out of the payments of the amounts specified in Section III.B.1.

(3) Attorneys' fees and costs paid pursuant to Section III.B.2-3 shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose through an executed IRS Form W-9, on an IRS Form 1099.

11

(4) The amounts payable under this Agreement shall not trigger any additional benefits or liabilities under Albany's benefits plans, including any retirement plans in which Class Members and/or Collective Members participate.

F. Notice of Cashed FLSA Checks to Effectuate FLSA Releases.

Within one-hundred twenty (120) days of the issuance of checks pursuant to Section III.B, Albany shall provide to Class Counsel a list of all of the individuals who signed and cashed their FLSA checks. Within 10 days of receipt of the list provided, Class Counsel shall file Notice of Consents with the Court to effectuate the release of the FLSA claims of those individuals who sign and cash their FLSA checks.

## VII. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VIII. Entire Agreement

This document and its Exhibits A-F constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Krutz expressly acknowledges that he is not relying on advice from anyone from Albany, including Albany's principals, owners, or attorneys, or any other individual or entity, other than Hawks Quindel, S.C.

## IX. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## X. Enforcement of Settlement Agreement

The Parties agree to seek dismissal with prejudice of the Krutz, the Collective Class Members', and the Rule 23 Class Members' released claims effective on the date on which the Settlement Agreement is approved by the Court while also ensuring that the Court which has approved the Settlement Agreement retains jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Parties agree to submit a proposed order – attached as Exhibit E to this Agreement – which (1) approves the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law and orders Albany to make payments pursuant to that Agreement and orders the Plaintiff and Collective and Class Members to comply with all obligations imposed on each of them in the Settlement Agreement; (2) approves an award of Attorneys' fees and costs as fair

12

and reasonable and orders Albany to pay attorneys' fees and costs pursuant to the Agreement; (3) dismisses the case with prejudice as of the date of entry of such Order and pursuant to R. 54(b) starts the appeals period (which shall be effectuated for consenting FLSA members upon filing of the Notice of Consent pursuant to Section V.F,, and (4) requests that the Court retain jurisdiction to oversee the settlement process. The Parties explicitly waive any and all arguments regarding the Court's jurisdiction over enforcement of the Settlement Agreement.

Nothing in this Agreement shall limit or waive Krutz's, the Collective Class Members', and the Rule 23 Class Members' ability to seek relief from the Court arising out of Albany's failure to comply with the terms of this settlement. Failure to timely comply with the settlement terms shall result in Krutz's, the Collective Class Members', and the Rule 23 Class Members' ability to seek enforcement of the terms of the settlement. If it is determined by any court, that the District Court for the Eastern District of Wisconsin in which this case was filed, does not have jurisdiction to enforce the terms of this Settlement Agreement, Albany shall pay Class Counsel's reasonable attorneys' fees and costs to enforce this Settlement Agreement in a Wisconsin state court, in the event Albany is found by such a court to have breached the Settlement Agreement. The Parties specifically consent to the Court's jurisdiction to enforce the Settlement Agreement in this matter.

## XI. Breach

If Albany breaches this Agreement by failing to make the payments provided herein, Albany shall have fourteen calendar days to cure such a breach. The Court shall retain jurisdiction over this matter for the purpose of overseeing the terms of the Settlement Agreement are executed and both Parties agree hereby waive any and all arguments or claims that the Court does not have jurisdiction to enforce this Agreement. Assertion of such an argument shall constitute a breach of this Agreement. Further, Albany affirmatively states that it does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

## XII. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

DocuSign Envelope ID: 25F44049-801B-4FD8-949F-B23C8E1E8237

12/17/2019
Dated

DocuSigned by:
*alexander krutz*
—5F7A44DBF30D4A4...

Alexander Krutz on behalf of himself, the Collective Class Members, and the Rule 23 Class Members

Dated

Albany International Corp.

By: _____

Its: _____

| | |
|---|---|
| _____<br>Dated | _____<br>Alexander Krutz on behalf of himself, the Collective Class Members, and the Rule 23 Class Members |
| _12/17/17_<br>Dated | _____<br>Albany International Corp.<br><br>By: _/s/ Joseph M. Gaug_<br>　　　Joseph M. Gaug<br>　　　Associate General Counsel<br>Its: _& ~~Assistant~~ Secretary_ |

14